UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
LAWRENCE FELTZIN,                              :
                                               :
                           Plaintiff,          :     **MEMORANDUM AND ORDER**
                                               :     15-CV-2279 (JBW)(PK)
                -against-                      :
                                               :
CIAMPA WHITEPOINT LLC,                         :
                                               :
                           Defendant.          :
--------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Lawrence Feltzin ("Plaintiff") brought this action against Defendant Ciampa Whitepoint LLC ("Defendant"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), for injunctive relief and attorneys' fees, litigation expenses, and costs. (Compl., Dkt. 1.) Plaintiff is a paraplegic and qualifies as an individual with disabilities under the ADA. (*Id.* ¶ 5.) Defendant owns, leases, or operates the Whitepoint Shopping Center in College Point, New York, which is a place of public accommodation under the ADA. (*Id.* ¶ 6.) Plaintiff has visited Defendant's property and intends to return. (*Id.* ¶ 5.)

Before the Court on referral from the Honorable Jack B. Weinstein is Plaintiff's Motion for Attorneys' Fees and Costs. (See Dkt. 26; Dkt. 31.) For the reasons discussed below, the motion is granted in part and denied in part; Plaintiff is awarded $22,560.60 in attorneys' fees and costs.

## PROCEDURAL HISTORY

Plaintiff commenced this lawsuit by filing the Complaint on April 22, 2015 (Dkt. 1), and served Defendant on June 22, 2015 (Dkt. 10). Defendant answered on September 18, 2015. (Dkt. 17.) The only court appearances were four conferences. (See Min. Entry 9/3/2015; Min. Entry 11/20/2015; Min. Entry 1/7/2016; Min. Entry 1/26/2016.) Except for the Initial Conference, which was held in person, the remaining three conferences were held by telephone and concerned

1

only the parties' ongoing settlement discussions. (*See id.*) On March 7, 2016, the parties filed a status report informing the Court that they had settled the matter but for the issue of attorneys' fees, a determination on which they would defer to the undersigned. (See Status Report, Dkt. 22.) The parties filed a Stipulation of Dismissal on March 11, 2016 (see Stip. of Dismisal, Dkt. 23), and subsequently briefed this motion.

## DISCUSSION

Pursuant to the ADA, a district court has discretion to award to a "prevailing party…a reasonable attorney's fee, including litigation expenses and costs…." 42 U.S.C. § 12205. "A prevailing party is one who obtains direct benefit from an enforceable judgment that provides relief on the merits of the party's claim." *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 203 (E.D.N.Y. 2006) (internal quotations omitted). Defendant does not contest that Plaintiff in this action is a prevailing party and entitled to recover attorneys' fees and costs. (See Def.'s Mem. in Opp'n at 1, Dkt. 28.) However, Plaintiff seeks to recover $42,818.60, of which $34,976.50 is attorneys' fees, $6,200.00 is expert fees, and $1,642.10 is other costs (Pl.'s Reply at 8, Dkt. 30); Defendant proposes an award of no more than $13,665.00 (Def.'s Mem. in Opp'n at 1).

**I.    Attorneys' Fees**

The attorneys' fees and costs awarded to Plaintiff by the Court must be "reasonable." *See Riley v. City of New York*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *1 (E.D.N.Y. Dec. 31, 2015). "[T]he lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Scharff v. Cty. of Nassau*, No. 10-CV-4208 (DRH)(GRB), 2016 WL 3166848, at *3 (E.D.N.Y. May 20, 2016), *R&R adopted*, 2016 WL 3172798 (E.D.N.Y. June 6, 2016); *Riley*, 2015 WL 9592518, at *1. To calculate the lodestar, the Court determines a reasonable hourly rate and a reasonable number of hours. "District courts have broad discretion to determine

2

both the reasonable number of compensable hours and the reasonable hourly rate." *Brady*, 455 F. Supp. 2d at 203. The party applying for fees must provide contemporaneous time sheets to document counsel's work, and must support the hourly rates it claims with, for example, evidence of counsel's expertise and prevailing market rates. *See Riley*, 2015 WL 9592518, at *1. Here, Plaintiff has supplied attorney time sheets (Dkts. 26-6 & 30-2), Plaintiff's expert's resume, reports, and invoices (Dkts. 26-3, 26-7, 26-8, & 26-10), and counsel's professional biographical details (Dkts. 26-4 & 26-5), among other materials.

      A.      *Hourly Rate*

To determine a reasonable hourly rate, the district court considers "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994). The "community" is the district in which the reviewing court sits, "unless the party seeking fees persuasively establishes that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Scharff*, 2016 WL 3166848, at *4 (internal quotations and brackets omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay…bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The district court must also "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 190 (emphasis in the original). Those factors include "the attorney's experience and expertise, the novelty and complexity of the issues presented, and the overall success achieved in the case." *Brady*, 455 F. Supp. 2d at 204; *see also Chen v. Cty. of Suffolk*, 927 F. Supp. 2d 58, 71 (E.D.N.Y. 2013). The fee applicant has the burden of justifying the requested rate as reasonable. *See Scharff*, 2016 WL 3166848, at *4.

In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases. *See, e.g.*, *John v. Demaio*, No. 15-CV-6094 (NGG)(CLP), 2016 WL 7410656, at *1-2 (E.D.N.Y. Dec. 22, 2016); *Volpe v. Nassau Cty.*, No. 12-CV-2416 (JFB)(AKT), 2016 WL 6238525, at *6 (E.D.N.Y. Oct. 24, 2016); *Finkel v. Athena Light & Power, LLC*, No. 14-CV-3585 (DLI)(PK), 2016 WL 4742279, at *10 (E.D.N.Y. Sept. 11, 2016); *Scharff*, 2016 WL 3166848, at *4; *Griffin v. Astro Moving & Storage Co.*, No. 11-CV-1844 (MKB), 2015 WL 1476415, at *8-9 (E.D.N.Y. Mar. 31, 2015); *Chen*, 927 F. Supp. 2d at 72. Plaintiff was represented in this action by three attorneys, all partners, with additional work performed by a paralegal. (See Pl.'s Appl. at 5-7, Dkt. 26; Exh. E to Pl.'s Appl., Dkt. 26-6.) The attorneys, Lawrence Fuller ("Fuller"), James Plaisted ("Plaisted"), and Asaad Siddiqi ("Siddiqi"), request hourly rates of $425, $525,[1] and $400, respectively. In evaluating these rates, the Court notes that this was a straightforward ADA case which settled before the parties had fully engaged in discovery. (See Min. Entry, 1/26/2016.)

Fuller, who is located in Florida, is a partner at Fuller, Fuller & Associates. (Exh. C to Pl.'s Appl. at 1, Dkt. 26-4.) He has practiced law for 42 years and is admitted to the bars of Florida, New York, and Washington, D.C. (*Id.*) His practice since 2001 has included an "emphasis…on enforcement of Title II and III of the Americans With Disability Act of 1990." (*Id.* at 1-2.) His requested rate of $425 per hour falls within the range of rates recognized as reasonable in this district, and the Court finds that, in light of his experience and expertise, that rate is reasonable in this case.

Plaisted and Siddiqi are both located in Roseland, New Jersey, and are shareholders at the firm Walder Hayden. (Exh. D to Pl.'s Appl., Dkt. 26-5.) Plaisted has practiced for 41 years and is

---

[1] The Court notes that Mr. Plaisted's bill states his hourly rate at $500 per hour, but the fee motion requests a rate of $525 per hour for him.

4

admitted to the bars of New York and New Jersey. (*Id.* at 1-2.) He is a former U.S. Attorney's Office division chief with extensive trial experience but does not have expertise in ADA cases. (*Id.* at 1-3.) His requested rate of $525 per hour falls outside the $300 to $450 per hour rate for partners in this district. Given his litigation experience but lack of expertise with the ADA, the Court finds a rate of $400 per hour reasonable for him.

Siddiqi has 15 years of practice experience and is admitted to the New York and New Jersey bars. (*Id.* at 6-7.) His expertise is in appellate matters and he also does not have expertise in ADA cases. (*Id.* at 2-3.) Given his experience and expertise, the Court finds a rate of $350 per hour reasonable for him, rather than the $400 rate he has requested.

Counsel have also billed a paralegal's time at a requested rate of $115 per hour. Plaintiff has not submitted support for this rate, which is higher than the norm in this district. The Court finds a rate of $80, in the mid-range allowed in this district, to be reasonable.

B.  *Hours Billed*

"[T]he district court should exclude excessive, redundant or otherwise unnecessary hours…." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "[T]he Court's goal is to conduct a meaningful review of the hours claimed," *Riley*, 2015 WL 9592518, at *3, but it "may employ a variety of practical methods for trimming fat from an excessive fee application, such as across-the-board percentage cuts," *Brady*, 45 F. Supp. 2d at 208-09 (internal quotations omitted).

The Court finds some of Fuller's 67.30 billed hours unreasonable. Fuller billed seven hours for travel between New York from Florida at a cost of $2,975.00. "[D]efendants should not be penalized for a plaintiff's choice of out-of-district counsel, unless the case required special expertise beyond the competence of forum district law firms." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, --F. Supp. 3d--, 2016 WL 3030253, at *7 (S.D.N.Y. 2016). This is particularly so when out-of-district counsel did not charge lower rates than the prevailing rates in the district. *Id.*

5

The location of the alleged violative property is in New York, and Plaintiff also had engaged local counsel. Moreover, this district is not lacking in counsel with ADA expertise. The Court therefore denies an award of travel-related fees. *See id.*, at *8.

Fuller also billed for clerical tasks that could have been performed by a non-lawyer at a lower hourly rate, such as a phone call with opposing counsel's legal assistant. (Exh. E to Pl.'s Appl. at 1, Dkt. 26-6.) The Court finds that a reduction of those hours is appropriate. *See Loper v. N.Y.C. Police Dep't*, 853 F. Supp. 716, 720 (S.D.N.Y. 1994). Finally, Fuller billed an excessive numbers of hours for some items, such as repeatedly reviewing Plaintiff's file and preparing this fee application (counsel billed 26.10 hours for the fee application alone). The Court finds that a 40 percent overall reduction of Fuller's non-travel hours is appropriate to account for these excesses.

After reviewing Plaisted and Siddiqi's hours, the Court concludes that they also include "excessive, redundant or otherwise unnecessary hours." Plaisted, for example, billed 4.50 hours for "travel to and appearance at Brooklyn Pretrial Conference." The Court notes that the conference was an Initial Conference, not a Pretrial Conference, and that the conference itself was 10 minutes long. (See Dkt. 14.) Regarding that same Initial Conference, Plaisted spent an additional .20 hours preparing a "memo" about the conference, and Siddiqi spent .10 hours reviewing the ECF Minute Entry and another .20 hours reviewing Plaisted's memo. In addition, almost all of Siddiqi's other time entries involve "reviewing" either ECF docket entries or e-mails between Plaisted and opposing counsel, work that does not require a partner to perform. If such work must be done by a lawyer of Siddiqi's experience and training, it should be accomplished in much less time than has been billed. The Court finds that a 40 percent overall reduction of Plaisted and Siddiqi's hours is also appropriate.

The Court's findings yield a total of 36.18[2] hours for Fuller, 3.30 hours for Plaisted, and 5.16

---

[2] (67.30 hours – 7.00 hours) x 60% = 36.18 hours

hours for Siddiqi, plus 1.60 hours of paralegal work. The presumptively reasonable fee is therefore $18,630.50,[3] which the Court does not see a reason to further adjust.

## II.     Expert Fees and Costs

Plaintiff also seeks an award of expert fees and of costs. Plaintiff has provided documentation only of the expert fees, not of costs. "[C]ourts in this district have rejected the award of costs without supporting documentation…." *Ferrera v. Tire Shop Ctr.*, No. 14-CV-4657 (FB)(LB), 2016 WL 7626576, at *6 (E.D.N.Y. Oct. 14, 2016), *R&R adopted*, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017). In this instance, the Court finds reasonable a single[4] filing fee of $400.00, $.15 for photocopies, and $129.95 for subpoena service. As for expert fees, Plaintiff seeks $6,200.00. (Exh. K to Pl.'s Reply at 4, Dkt. 30-2.) The fees are broken into an invoice for the "presuit inspection" and "initial report" (the "First Expert Invoice") and an invoice for the "Rule 34 inspection" and report (the "Second Expert Invoice"). (*Id.*; Exh. I to Pl.'s Appl. at 1-2, Dkt. 26-10.) The time entry descriptions for the First Expert Invoice are virtually identical to the time entry descriptions for the Second Expert Invoice. (*Id.*) The Court will award fees for only one of the two invoices, as they appear to describe the same expert repeating previously performed work. Crediting the higher amount billed for the preparation of the formal Rule 34 report, the Court will allow $3,400.00 in expert fees. (*Id.* at 2.) The total for reasonable expert fees and other costs is thus $3,930.10.[5]

## **CONCLUSION**

Based on the foregoing, Plaintiff's fee application is granted in part and denied in part; Plaintiff is awarded $22,560.60 in attorneys' fees and costs.

---

[3] (36.18 hours x $425) + (3.30 hours x $400) + (5.16 hours x $350) + (1.60 hours x $80) = $15,376.50 + $1,320.00 + $1,806.00 + $128.00 = $18,630.50.
[4] The Court notes that Plaintiff has requested reimbursement for the filing fee twice, once on the Fuller bill and once on the Plaisted and Siddiqi bill, which is clearly unreasonable. (See Dkts. 26-6 and 30-2.)
[5] $400.00 + $.15 + $129.95 + $3,400.00 = $3,930.10.

7

Dated: Brooklyn, New York
       February 13, 2017

                                          **SO ORDERED:**

                                          *Peggy Kuo*

                                        PEGGY KUO
                                        United States Magistrate Judge